IN THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT
OF TEXAS AUSTIN DIVISION

| | |
|---|---|
| AUSTIN CONVENTION AND VISITORS' BUREAU,<br><br>   *Plaintiff*,<br>v.<br><br>NICK PATRICK HAYDEN, an individual, VISIT ATX, an unregistered business, NH VENTURES, LLC, a limited liability company,<br><br>   *Defendants*. | Civil Action No: 1:23-cv-00261-ADA |

## CONSENT JUDGMENT AND PERMANENT INJUNCTION

Plaintiff Austin Convention and Visitors' Bureau ("Plaintiff") and Defendants Nick Patrick Hayden, Visit ATX, and NH Ventures, LLC (collectively, "Defendants") have agreed to enter into a stipulated Consent Judgment and Permanent Injunction ("Consent Judgment").

This order is made in reference to the following facts, which the Parties admit:

1. This Court has jurisdiction over the subject matter of this case and jurisdiction over Defendants.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

3. Plaintiff is the exclusive owner of the trademarks VISIT AUSTIN (Registration No. 6922008) and [VISIT Austin logo] (Registration No. 6922009), among other similar trademark registrations in connection with tourism and related services (collectively the "VISIT AUSTIN Marks").

4. Plaintiff, as the owner of the VISIT AUSTIN Marks, has the exclusive rights to enforce the VISIT AUSTIN Marks and to file suit in federal court for trademark infringement, false advertising, unfair competition, and related state statutory and common law claims;

5. Defendants have advertised, promoted, offered for sale, and sold or provided tourism and related services under the mark VISIT ATX.

6. Plaintiff has not authorized Defendants, individually or jointly, to use the mark VISIT ATX in connection with tourism and related services.

7. Plaintiff has alleged that Defendants individually and jointly, infringed Plaintiff's rights in the VISIT AUSTIN Marks in violation of 15 U.S.C. §§ 1114, 1125(a), 1125(d) and common laws.

8. In the interest of resolving the dispute arising, the Parties have entered into an agreement that provides for entry of this Consent Judgment and Permanent Injunction. The Court has reviewed and considered, and hereby approves, the stipulated Consent Judgment and Permanent Injunction.

9. Defendants expressly waive their right to appeal from the Consent Judgment and Permanent Injunction. They agree that they have entered into this Consent Judgment voluntarily and state that no promises of any kind were made to enter into this Consent Judgment, except as provided herein.

10. Defendants agree that the relief set forth in this Consent Judgment is a fair and reasonable settlement of any claims that have been asserted or could have been asserted by the parties.

11. As a condition of this Consent Judgment, Defendants, on behalf of themselves, their agents, affiliates, successors, assigns, and representatives, irrevocably agree and stipulate to the

entry of an injunction by this Court that permanently enjoin each of them from:

  a. using, registering, or attempting to register with any state or federal agency, including but not limited to the USPTO, the VISIT ATX mark in connection with any goods or services;

  b. adopting, using, registering, or attempting to register with any state or federal agency, including but not limited to the USPTO, any trade name, trademark, service mark, domain name, social media account, or social media handle that is confusingly similar to the VISIT AUSTIN Marks so as to constitute trademark infringement, trademark dilution, unfair competition, false designation of origin, false advertising, and/or constitutes a violation of any other applicable laws.. For avoidance of doubt, the Parties hereby acknowledge and agree that the mark EXPLORE ATX is not confusingly similar to the VISIT AUSTIN Marks;

12.   In the event that Defendants are adjudicated by a court of competent jurisdiction to have violated this Consent Judgment and Permanent Injunction, Defendants agree that such conduct would constitute willful trademark infringement sufficient to make Defendants individually and jointly liable for and entitle Plaintiff to liquidated damages in the amount of $40,000 USD (the "Liquidated Damages"). The Parties intend that the Liquidated Damages constitute compensation, and not a penalty. The Parties acknowledge and agree that Plaintiff's harm caused by Defendants' material breach of the Settlement Agreement and/or violation of the Consent Judgment and Permanent Injunction would be impossible or very difficult to accurately estimate as of the Effective Date of the Settlement Agreement and entry of this Consent Judgment and Permanent Injunction, and that Liquidated Damages are a reasonable estimate of the

anticipated or actual harm that might arise from Defendants' material breach of this Agreement and/or violation of this Consent Judgment and Permanent Injunction. Defendants' payment of the Liquidated Damages is Defendants' sole liability and entire obligation and Plaintiff's exclusive remedy for Defendants' violation of the Consent Judgment and Permanent Injunction.

13. In the event that any party institutes any legal suit, action, or proceeding against the other party to enforce this Consent Judgment and Permanent Injunction, the prevailing party in the suit, action, or proceeding shall be entitled to receive, in addition to all other damages to which it may be entitled, the costs incurred by such party in conducting the suit, action, or proceeding, including reasonable attorneys' fees and expenses and court costs.

NOW THEREFORE, based upon stipulation of the parties, and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. Upon agreement of the Parties, this Court hereby adopts the foregoing terms and provisions of this Court's order, and enters this Consent Judgment and Permanent Injunction which incorporates the foregoing terms and provisions as part of this Court's Order.

2. The Court shall retain jurisdiction to enforce the terms and conditions of this Consent Judgment and Permanent Injunction.

3. Judgment shall be and hereby is entered in favor of Plaintiff against Defendants, finding that Defendants are individually and jointly liable for infringing Plaintiff's exclusive rights in the VISIT AUSTIN Marks, in violation of 15 U.S.C. §§ 1114, 1125(a), 1125(d) and common laws. Plaintiff is entitled to a Permanent Injunction, as set forth herein.

4.      This Consent Judgment shall be binding upon Plaintiff, Defendants, their respective agents, successors, and assigns.

**IT IS SO ORDERED.**

_____

The foregoing CONSENT JUDGMENT AND PERMANENT INJUNCTION is agreed to by the parties in form and in substance.

**AMINI & CONANT, LLP**

/s/ R. Buck McKinney
R. Buck McKinney
State Bar No. 00784572
R. Alex Conant
State Bar No. 24074061
1204 San Antonio Street, Second Floor
Austin, Texas 78701
Telephone: (512) 236-0150
Fax: (512) 444-1879
*buck@aminiconant.com*

COUNSEL FOR DEFENDANTS

**GREENBERG TRAURIG, LLP**

/s/ Molly R. Littman-Johnson

Stephen R. Baird (*pro hac vice*)
bairds@gtlaw.com
Minnesota State Bar No. 0214024
Molly R. Littman-Johnson (*pro hac vice*)
molly.littman@gtlaw.com
Minnesota State Bar No. 0398449
90 South 7th Street, Suite 3500
Minneapolis, Minnesota 55402
Phone: (612) 259-9700
Fax: (612) 203-4075

Emily W. Collins
emily.collins@gtlaw.com
State Bar No. 24099185
300 West 6th Street, Suite 2050
Austin, Texas 78701
Phone: (512) 320-7200
Fax: (512) 320-7210

COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

    I hereby certify that on February 22, 2024 I electronically filed the foregoing with the through the electronic filing manager, which will send notification of such filing to all parties who have appeared in this action.

/s/ Molly R. Littman-Johnson

Molly R. Littman-Johnson

ACTIVE 694770090v1